IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARY DEWAYNE AMERICA,

       Plaintiff,

v.                                    Civil Action No. 5:07CV80
                                                      (STAMP)

GEORGE TRENT and DR. KATINY,

       Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se plaintiff, Gary Dewayne America, is an inmate at the North Central Regional Jail and Correctional Facility in Greenwood, West Virginia. The plaintiff commenced this civil action on June 18, 2007 by filing a civil rights complaint in which he appears to allege that the defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The plaintiff names as defendants George Trent, Jail Administrator, and Dr. Antoine Katiny. As relief, the plaintiff requests that this Court help him get his medical problem "taken care of."

The complaint was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.02 and 28 U.S.C. §§ 1915(e) and 1915(A). Magistrate Judge Kaull determined that summary dismissal of the complaint was not appropriate and ordered

the defendants to answer the complaint. Subsequently, each defendant filed a motion and a supplemental motion to dismiss, or in the alternative, for summary judgment. A Roseboro notice was issued, and the plaintiff responded to the defendants' motions.

Thereafter, following consideration of the defendants' motions to dismiss, or in the alternative, for summary judgment and the plaintiff's response thereto, Magistrate Judge Kaull issued a report and recommendation recommending that each of the defendants' motions to dismiss, or in the alternative, for summary judgment be granted and the plaintiff's complaint be dismissed with prejudice. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. To date, no objections have been filed.[1]

## II. Facts

In his complaint, the plaintiff appears to allege that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The plaintiff asserts that the defendants have neglected a painful "knot" that has formed in his stomach and have failed to provide appropriate treatment.

---

[1] On April 29, 2008, the report and recommendation mailed to the plaintiff by the Clerk was returned as undeliverable. In the Notice of General Guidelines for Appearing Pro Se in Federal Court, provided to the petitioner on June 18, 2007, the petitioner was advised that he must keep the Court and opposing counsel advised of his most current address at all times and that failure to do so may result in the action being dismissed.

The plaintiff further alleges that the defendants have delayed treatment despite his requests for medical attention.

### III. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections were filed, this Court will review the report and recommendation of the magistrate judge for clear error.

### IV. Discussion

A. Exhaustion of Administrative Remedies

Magistrate Judge Kaull recommends that the plaintiff's claims be dismissed for failure to exhaust administrative remedies. This Court finds no clear error in the recommendation.

The Prisoner Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. In this case, the plaintiff has failed to complete the Regional Jail's three-step grievance process with respect to

the instant claims. Because exhaustion is mandatory, the plaintiff's complaint must be dismissed.

B. <u>Deliberate Indifference</u>

In the alternative, Magistrate Judge Kaull recommends that the plaintiff's complaint be dismissed for failure to state a claim under the Eight Amendment upon which relief can be granted. This Court finds no clear error in the recommendation.

First, the plaintiff has failed to allege any personal involvement on the part defendant Trent. Rather, the plaintiff relies on a theory of <u>respondeat superior</u>, which cannot form the basis of a claim for violation of a constitutional right in a <u>Bivens</u> case. See <u>Dean v. Gladney</u>, 621 F.2d 1331, 1335-37 (5th Cir. 1980)(rejecting <u>respondeat superior</u> as a basis for liability in <u>Bivens</u> actions); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978)(rejecting <u>respondeat superior</u> as a basis for liability in <u>Bivens</u>-type actions brought pursuant to 42 U.S.C. § 1983). Additionally, the plaintiff has not shown that any inaction on the part of defendant Trent, in his capacity as supervisor, constituted deliberate indifference to or tacit authorization of the alleged denial of adequate health care to the plaintiff. See <u>Miltier v. Beorn</u>, 896 F.2d 848 (4th Cir. 1990)(recognizing supervisory liability in § 1983 actions where liability is based "not upon notions of <u>respondeat superior</u>, but upon a recognition that supervisory indifference or tacit authorization of subordinate

misconduct may be a direct cause of constitutional injury"). Accordingly, the plaintiff's claim against defendant Trent must be dismissed.

Second, the plaintiff has failed to set forth any facts that would support his claim against Dr. Katiny. To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). The plaintiff complains that he has not received outside medical consult. However, it is clear from the record that he has received some medical treatment at the jail. A mere disagreement between the plaintiff and Dr. Katiny as to course of treatment does not support the plaintiff's Eighth Amendment claim. <u>See</u> <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985). Accordingly, the plaintiff's claims against Dr. Katiny must be dismissed.

V. <u>Conclusion</u>

Because, after a review for clear error, this Court concludes that the magistrate judge's recommendation is proper, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. George Trent's motion to dismiss, or in the alternative, for summary judgment is GRANTED, and Dr. Katiny's motion to dismiss, or in the alternative, for summary judgment is GRANTED. It is ORDERED that this case be DISMISSED WITH PREJUDICE

and STRICKEN from the active docket of this Court.  The plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.  <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    June 16, 2008

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE